UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEVARICK THOMPSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-278-SPM |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's second Motion for Appointment of Counsel.

(Doc. 15). Although there is no constitutional right to appointment of counsel in habeas corpus

proceedings, *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994), the Eighth Circuit Court of

Appeals has discussed those circumstances in which the appointment of counsel is appropriate.

Specifically, in *Abdullah v. Norris*, 18 F.3d 571 (8th Cir. 1994), the Eighth Circuit offered the

following guidance:

> A magistrate judge or district judge may appoint counsel for a habeas
> petitioner if "the interests of justice so require." 18 U.S.C.A. § 3006A(a)(2),
> (a)(2)(B) (West Supp. 1993). If a district court conducts an evidentiary hearing on
> the petition, the interests of justice require that the court appoint counsel for the
> petitioner. *See* Rule 8(c), Rules Governing Section 2254 Cases in the United States
> District Courts (hereinafter "Habeas Rules"). If no evidentiary hearing is necessary,
> the appointment of counsel is discretionary.
>
> When exercising its discretion, a district court should first determine
> whether a pro se habeas petitioner has presented a nonfrivolous claim. *Battle [v.
> Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990)]. If the petitioner has presented only
> claims that are frivolous or clearly without merit, the district court should dismiss
> the case on the merits without appointing counsel. *See* Habeas Rule 4. If the
> petitioner has presented a nonfrivolous claim, the district court should then
> determine whether, given the particular circumstances of the case, the appointment

of counsel would benefit the petitioner and the court to such an extent that "the interests of justice so require" it. 18 U.S.C. § 3006A(a)(2); *see also Battle*, 902 F.2d at 702. To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors. *See Battle*, 902 F.2d at 702; *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

*Id.*

Petitioner has presented nonfrivolous claims in his petition. However, after review of the pleadings in this case, the Court finds that the appointment of counsel would not benefit Petitioner and the Court to such an extent that the interests of justice require the appointment of counsel at this time. This case is not particularly legally or factually complex. In addition, Petitioner has demonstrated, at this point, that he can adequately present his claims to the Court.

In the event that the Court determines that a hearing is necessary to resolve Petitioner's petition for writ of habeas corpus or that for some other reason the interests of justice require the appointment of counsel, the Court will appoint counsel. However, at this time, the undersigned finds that Petitioner is not entitled to the appointment of counsel pursuant to *Abdullah, supra*.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's second Motion for Appointment of Counsel (Doc. 15) is **DENIED** without prejudice at this time.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of March, 2018.